IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND,<br><br>          Plaintiffs,<br><br>  vs.<br><br>DYNAMIC GARAGE, INC., an Illinois Corporation; and FAB EXPRESS, INC., an Illinois Corporation,<br><br>          Defendants. | NO.: 16-CV-8967<br><br>JUDGE:<br><br>MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), and the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND") (collectively "FUNDS"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendants DYNAMIC GARAGE, INC., and FAB EXPRESS, INC., and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §§ 1132 and 1145. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND and WELFARE FUND are administered at 361 S. Frontage Road, Suite

100, Burr Ridge, IL 60527and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## FACTS COMMON TO ALL COUNTS

3. The PENSION FUND and WELFARE FUND receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("UNION"), and therefore are multi-employer plans under 29 U.S.C. §§ 1002(37) and 1302(a)(3).

4. The Board of Trustees of the PENSION FUND and WELFARE FUND are the Plan Sponsors of the PENSION FUND and WELFARE FUND respectively within the meaning of 29 U.S.C. § 1301(a)(10)(A).

5. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, the PENSION FUND and WELFARE FUND are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The Defendant DYNAMIC GARAGE, INC. ("DYNAMIC GARAGE") is an Illinois corporation with its principal place of business located in Lemont, Illinois.

7. DYNAMIC GARAGE is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a collective bargaining agreement ("CBA") with the UNION on May 13, 2014. (A copy of the CBA is attached as Exhibit 1.)

8. In addition, on March 21, 2011, DYNAMIC GARAGE entered into Participation Agreements with the PENSION FUND and WELFARE FUND. (A copy of the PENSION

FUND Participation Agreement is attached as Exhibit 2; A copy of the WELFARE FUND Participation Agreement is attached as Exhibit 3.)

9. Through the CBA and Participation Agreements, DYNAMIC GARAGE agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND and WELFARE FUND (hereinafter referred to as the "Trust Agreements"). (A copy of the PENSION FUND Trust Agreement is attached as Exhibit 4; A copy of the WELFARE FUND Trust Agreement is attached as Exhibit 5.)

10. The Defendant FAB EXPRESS, INC. ("FAB EXPRESS") is an Illinois corporation with its principal place of business located in Lemont, Illinois.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

11. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-10 of this Complaint with the same force and effect as if fully set forth herein.

12. Pursuant to the provisions of the CBA, Participation Agreements and Trust Agreements, Defendant DYNAMIC GARAGE is required to make monthly reports of the number of weeks worked by bargaining-unit and pay contributions to the PENSION FUND and WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (Exhibit 1.)

13. Pursuant to the Trust Agreements, "[e]ach Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their social security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust." (Exhibits 4 and 5).

14. Additionally, the Trustees have the right to "at any time have an audit made by an independent account or its representatives of the payroll of any Employer in connection with the said contributions and/or reports." (Exhibits 4 and 5).

15. On several occasions, an auditor for the FUNDS has attempted to contact DYNAMIC GARAGE requesting copies of the payroll records for DYNAMIC GARAGE's parent company, FAB EXPRESS.

16. DYNAMIC GARAGE has refused to cooperate with the request for these records to complete the audit.

17. A payroll audit of both DYNAMIC GARAGE and FAB EXPRESS is necessary to determine the exact amount of damages owed by Defendant DYNAMIC GARAGE.

18. Pursuant to 29 U.S.C. §§ 1132(g)(2), and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the PENSION FUND and/or WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus interest and any reasonable attorney's fees and costs of maintaining suit.

19. Defendant DYNAMIC GARAGE owes the FUNDS all contributions, liquidated damages, interest, and auditor fees revealed by the payroll compliance audit.

20. Plaintiff has complied with all conditions precedent in bringing this suit.

21. Defendant DYNAMIC GARAGE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. That an Order be entered requiring Defendant DYNAMIC GARAGE to comply with a payroll audit of DYNAMIC GARAGE and FAB EXPRESS and produce any and all payroll documents and other corporate records necessary to complete the audit;

B. That a Judgment be entered in favor of the Plaintiff and against Defendant DYNAMIC GARAGE for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

C. That Defendant DYNAMIC GARAGE be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

D. That this Court retain jurisdiction of this case pending compliance with its order; and

E. That Plaintiff have such other and further relief as the Court may deem just and equitable, all at the cost of Defendant DYNAMIC GARAGE, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## ALTER EGO LIABILITY

22. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23. Fred J. Bartuch, Jr. is the President and an owner of DYNAMIC GARAGE.

24. Fred J. Bartuch, Jr. is also the President and an owner of FAB EXPRESS.

25. Jerry Adamitus serves as the controller of both FAB EXPRESS and DYNAMIC GARAGE.

26. DYNAMIC GARAGE's operates out of 11225 Joliet Road, Lemont, IL 60439.

27. FAB EXPRESS also operates out of 11225 Joliet Road, Lemont, IL 60439.

28. FAB EXPRESS uses the same phone number (630) 739-3600 as DYNAMIC GARAGE.

29. FAB EXPRESS and DYNAMIC GARAGE share the same interoffice telephone system.

30. Some of FAB EXPRESS's employees perform the same type of work as DYNAMIC GARAGE – truck repair.

31. Employees of FAB EXPRESS and DYNAMIC GARAGE share the same garage space.

32. Upon information and belief, FAB EXPRESS and DYNAMIC GARAGE share vehicles and tools.

33. Upon information and belief, FAB EXPRESS and DYNAMIC GARAGE share administrative and accounting staff.

34. Upon information and belief, Chris Siwicki, FAB EXPRESS' Maintenance Coordinator, controls the operations of DYNAMIC GARAGE.

35. FAB EXPRESS and DYNAMIC GARAGE have commingled assets with each other.

36. FAB EXPRESS and DYNAMIC GARAGE share an interrelation of operations.

37. FAB EXPRESS and DYNAMIC GARAGE are in fact, one in the same company.

38. Recognition of FAB EXPRESS' separate corporate existence would sanction a fraud or promote injustice in that DYNAMIC GARAGE would be permitted to escape its contractual and financial obligations to the Plaintiffs while operating as FAB EXPRESS.

39. FAB EXPRESS is the alter-ego of DYNAMIC GARAGE and is directly liable to the Plaintiffs for the contractual and financial obligations of DYNAMIC GARAGE, including DYNAMIC GARAGE's obligations to contribute to the TRUST FUNDS on behalf of its employees performing bargaining-unit work.

40. FAB EXPRESS is the non-union shop of a double-breasted operation and DYNAMIC GARAGE is the union shop of the Defendants' combined operations.

41. As the alter ego of DYNAMIC GARAGE, FAB EXPRESS is bound by the terms of the

CBA, Participation Agreements, and Trust Agreements.

42. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from DYNAMIC GARAGE and FAB EXPRESS.

43. Plaintiffs have complied with all conditions precedent in bringing this suit.

44. DYNAMIC GARAGE and FAB EXPRESS are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Court enter an Order in favor of Plaintiffs deeming FAB EXPRESS the alter ego of DYNAMIC GARAGE;

B. That an Order be entered requiring Defendant DYNAMIC GARAGE and FAB EXPRESS to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

C. That a Judgment be entered in favor of the Plaintiffs and against Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

D. That Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

E. That this Court retain jurisdiction of this case pending compliance with its order; and

F. That Plaintiff have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## SINGLE EMPLOYER LIABILITY

45. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-44 of this Complaint with the same force and effect as if fully set forth herein.

46. Fred J. Bartuch, Jr. is the President and an owner of DYNAMIC GARAGE.

47. Fred J. Bartuch, Jr. is also the President and an owner of FAB EXPRESS.

48. Jerry Adamitus serves as the controller of both FAB EXPRESS and DYNAMIC GARAGE.

49. DYNAMIC GARAGE's operates out of 11225 Joliet Road, Lemont, IL 60439.

50. FAB EXPRESS also operates out of 11225 Joliet Road, Lemont, IL 60439.

51. FAB EXPRESS uses the same phone number (630) 739-3600 as DYNAMIC GARAGE.

52. FAB EXPRESS and DYNAMIC GARAGE share the same interoffice telephone system.

53. Some of FAB EXPRESS's employees perform the same type of work as DYNAMIC GARAGE – truck repair.

54. Employees of FAB EXPRESS and DYNAMIC GARAGE share the same garage space.

55. Upon information and belief, FAB EXPRESS and DYNAMIC GARAGE share vehicles and tools.

56. Upon information and belief, FAB EXPRESS and DYNAMIC GARAGE share administrative and accounting staff.

57. Upon information and belief, Chris Siwicki, FAB EXPRESS' Maintenance Coordinator, controls the operations of DYNAMIC GARAGE.

58. FAB EXPRESS and DYNAMIC GARAGE have commingled assets with each other.

59. FAB EXPRESS and DYNAMIC GARAGE share an interrelation of operations.

60. FAB EXPRESS is the non-union shop of a double-breasted operation and DYNAMIC GARAGE is the union shop of the Defendants' combined operations.

61. FAB EXPRESS and DYNAMIC GARAGE are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an interrelation of operations, common management, centralized control over labor relations and common ownership.

62. As a single employer with DYNAMIC GARAGE, FAB EXPRESS is bound by the terms of the CBA, Participation Agreements, and Trust Agreements.

63. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from DYNAMIC GARAGE and FAB EXPRESS.

64. Plaintiffs have complied with all conditions precedent in bringing this suit.

65. DYNAMIC GARAGE and FAB EXPRESS are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Court enter an Order in favor of Plaintiffs deeming DYNAMIC GARAGE and FAB EXPRESS a single employer;

B. That this Court enter an Order requiring Defendant DYNAMIC GARAGE and FAB EXPRESS to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

C. That a Judgment be entered in favor of the Plaintiffs and against Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

D. That Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

E. That this Court retain jurisdiction of this case pending compliance with its order; and

F. That Plaintiff have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants DYNAMIC GARAGE and FAB EXPRESS, jointly and severally, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND**

/s/ Melinda J. Wetzel – 6314257
One of Plaintiffs' Attorneys

Melinda J. Wetzel
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5478
wetzel@johnsonkrol.com

September 15, 2016